IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN MAUER,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Foreign Corporation;<br><br>Defendant. | 8:19-CV-410<br><br>**MEMORANDUM AND ORDER** |

## I. INTRODUCTION

Before the Court is Brian Mauer's Objection to the Magistrate Judge's order granting in part and denying in part Union Pacific's Motion for a Protective Order. Filing 64. The Magistrate Judge found that some of the documents requested in Mauer's discovery were protected by attorney–client privilege and the work-product doctrine. Filing 63 at 6. For the reasons stated herein, the Court overrules Mauer's objection.

## II. BACKGROUND

This suit arises from Union Pacific Railroad Company ("Union Pacific") terminating Mauer's employment after he was charged with possession of a controlled substance. Filing 15 at 2, 14–15, 20. According to Mauer, Union Pacific employees have made false statements that Mauer was arrested with large quantities of cocaine, that he has had repeated arrests for possessing

1

controlled substances, and that he is a "drug dealer." Filing 15 at 31. Pursuant to these allegations, Mauer filed suit against Union Pacific for defamation per se. Filing 15 at 31.

During discovery, Mauer sought to compel Union Pacific to produce written communications between Union Pacific's supervisory personnel and Union Pacific's in-house counsel. Filing 53 at 1. The supervisory personnel had been tasked with determining whether to terminate Mauer's employment in response to his drug-possession charge. The communications Mauer sought in discovery are mostly email discussions between the supervisory personnel and Union Pacific's in-house counsel, in which the supervisory personnel sought advice on the legal implications of terminating Mauer's employment. In response to Mauer's discovery request, Union Pacific produced some redacted documents and refused to disclose others, asserting that the undisclosed documents were protected by attorney–client privilege and the work-product doctrine. Filing 53-2 at 1–2; Filing 53-3 at 1–4.

On September 10, 2021, Union Pacific filed a motion for a protective order, asserting that the documents Mauer requested were protected by attorney–client privilege and the work product doctrine. Filing 52; Filing 53 at 1. At the direction of the Magistrate Judge, Union Pacific filed the documents containing the communications between Union Pacific's supervisory personnel and its attorneys for in camera review. Filing 53 at 1. After conducting an in camera review of the documents at issue, the Magistrate Judge issued an order granting in part and denying in part Union Pacific's motion. Filing 63. First, the Magistrate Judge determined that some of the undisclosed documents filed by Union Pacific for in camera review were not protected and attached them directly to her order. Filing 63 at 3. Next, as to the documents Union Pacific produced in redacted form, the Court found that they were properly redacted. Filing 63 at 3.

Finally, as to the rest of the undisclosed documents, the Magistrate Judge concluded that they consisted of legal advice offered by Union Pacific's in-house counsel to its supervisory personnel. Filing 63-3 at 3–5. The Magistrate Judge found that the supervisory personnel were requesting advice on how best to respond to Mauer's arrest for possessing illegal drugs, and the in-house counsel responded with an opinion based on relevant law. Filing 63 at 3. Moreover, the Magistrate Judge noted that the undisclosed documents indicated that Union Pacific anticipated litigation from the moment its employees began considering their response to his arrest. Filing 63 at 4. Finally, the Magistrate Judge determined that Union Pacific did not waive privilege by placing the communications at issue in this case. Filing 63 at 4–5. Accordingly, besides the documents attached to her order, the Magistrate Judge granted in part Union Pacific's Motion for a Protective Order. Filing 63 at 6. Mauer filed an objection to this order on November 8, 2021. Filing 64.

### III. ANALSYIS

#### A. Standard of Review

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040 (S.D. Iowa 2010) (internal quotation marks omitted). The standard of review for an appeal of a Magistrate

Judge's order on nondispositive matters is extremely deferential. *See* 28 U.S.C. § 636(b)(1)(A); *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013).

### B. The Magistrate Judge's Order Was Not Clearly Erroneous or Contrary to Law

Mauer is seeking to compel Union Pacific to produce documents containing the communications between Union Pacific's in-house counsel and Union Pacific's supervisory personnel. The communications involve the legal implications of terminating Mauer's employment. The Magistrate Judge found that, besides the documents she attached to her order, the communications between Union Pacific's in-house counsel and its supervisory personnel were protected by the attorney–client privilege and the work-product doctrine. Filing 63 at 6. Mauer objects to the Magistrate Judge's decision that the documents Union Pacific refuses to turn over, besides the ones attached to her order, and the redactions to the documents Union Pacific did disclose are protected by the attorney–client privilege and the work-product doctrine.

Mauer makes four arguments as to why the communications Union Pacific seeks to protect are not shielded by attorney–client privilege and the work-product doctrine: (1) the communications are at issue in this case; (2) the legal department gave business, not legal, advice; (3) the Magistrate Judge applied the work-product doctrine too broadly; and (4) even if the communications are work product, Mauer has demonstrated a substantial need for them. Filing 65 at 2–5. Finding no error by the Magistrate Judge, the Court rejects these arguments and overrules Mauer's objection.

> Attorney–client privilege protects communications in the corporate context when:
>
> (1) the communication was made for the purpose of securing legal advice; (2) the employee making the communication did so at the direction of his corporate superior; (3) the superior made the request so that the corporation could secure legal advice; (4) the subject matter of the communication is within the scope of the employee's corporate duties; and (5) the communication is not disseminated

4

> beyond those persons who, because of the corporate structure, need to know its contents.

Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 609 (8th Cir. 1977); *see also* Neb. Rev. Stat. § 27-503 (granting attorney–client privilege to corporate entities).[1]

The communications between Union Pacific's supervisory personnel and its corporate counsel are privileged under the *Diversified Industries* standard. First, the communications were made to secure legal advice pursuant to the supervisory personnel's corporate duties. After Mauer's possession charge, Union Pacific's supervisory personnel were tasked with determining the appropriate response. As to the second, third, and fourth factors, the supervisory personnel reached out to Union Pacific's corporate counsel on the legality of terminating Mauer's employment pursuant to their corporate obligations, and Union Pacific's attorneys responded with an opinion based on the relevant law. Contrary to Mauer's argument that Union Pacific's counsel provided business advice, the communications at issue dealt exclusively with legal considerations.

Finally, the communications were not disseminated beyond those in Union Pacific who needed to know of their contents. Instead, they were only exchanged between Union Pacific's counsel and its supervisory personnel. These communications fall plainly within the attorney–client privilege's protection. Accordingly, the Magistrate Judge's ruling that the attorney–client privilege protects these communications was not clearly erroneous or contrary to law.[2] Union

---

[1] "In diversity actions, state law determines the existence and scope of attorney–client privilege." *Gray v. Bicknell*, 86 F.3d 1472, 1482 (8th Cir. 1996). Although the Court was unable to locate a Nebraska Supreme Court decision expressly adopting the *Diversified Industries* test, no party disputes that it applies. After review and analysis of this legal question, the Court concludes that the Nebraska Supreme Court under the present circumstances would analyze attorney–client privilege in the corporate context under the *Diversified Industries* framework, which is what Magistrate Judge Zwart did in her order.

[2] Mauer's argument that Union Pacific waived attorney–client privilege by placing the communications at issue in this case is unpersuasive. The Nebraska Supreme Court has held that communications are placed at issue when the asserting party (1) engages in an affirmative act, such as filing suit, that results in the invocation of the privilege, (2) makes the protected information relevant through this affirmative act, and (3) denies the opposing party access to vital information. *See State v. Roeder*, 636 N.W.2d 870, 876 (Neb. 2001) (quoting *League v. Vanice*, 374 N.W.2d 849, 856 (Neb. 1985)). Union Pacific has not asserted advice of counsel as an affirmative defense to Mauer's defamation claim, nor are the communications vital to Mauer's suit.

Pacific properly redacted the documents it did produce to Mauer and refused to disclose the other documents containing communications between its supervisory personnel and its in-house counsel.

The Magistrate Judge further found that the documents at issue were protected by the work-product doctrine. Filing 63 at 3–4. Federal Rule of Civil Procedure 26(b)(3)(A) outlines the work-product doctrine: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). A party can overcome the work product doctrine by showing that it has a "substantial need for the materials to prepare its case." *Id.* In determining whether the asserting party created the document in anticipation of litigation, the Court asks "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2024, at 198–99 (1970) (footnotes omitted)).

The Court agrees with the Magistrate Judge that the undisclosed documents demonstrate that Union Pacific anticipated litigation when it began considering Mauer's termination. In fact, many of the communications were in response to emails and letters Union Pacific received from Mauer's criminal-defense counsel. These undisclosed documents contain the legal opinions of Union Pacific's in-house counsel on the proper response to Mauer's drug possession charge. The Court is unpersuaded by Mauer's argument that the Magistrate Judge applied the work product doctrine too broadly; rather, the Magistrate Judge applied it appropriately. Therefore, the

6

Magistrate Judge's finding that the undisclosed documents are shielded under the work-product doctrine is not clearly erroneous or contrary to law.[3]

## IV. CONCLUSION

The Magistrate Judge's Order that the undisclosed documents are protected by the attorney–client privilege and the work-product doctrine was not clearly erroneous or contrary to law. Mauer's objection is overruled. Accordingly,

IT IS ORDERED:

1. Mauer's Objection to the Magistrate Judge's Order, Filing 64, is overruled.

Dated this 20th day of December, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[3] The Court rejects Mauer's argument that he has overcome the work product doctrine by showing a substantial need for the undisclosed materials. First, some of the communications at issue are opinion work product, which "enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud." *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). Mauer has not cleared this high bar. To the extent the communications are ordinary work product, the Court concludes Mauer has not shown a substantial need for these documents. The alleged defamatory comments do not appear in these communications, which solely relate to the legality of Union Pacific's response to Mauer's drug-possession charge. Thus, given how unrelated the documents are to Mauer's defamation claim, he has not come close to establishing a substantial need.